## In re CREWS.

Court of Customs and Patent Appeals. December 19, 1929.

Patent Appeal No. 2171.

Burnham C. Stickney, of New York City (L. H. Campbell, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. Appellant claims invention relating to the art of typewriting, claims 1, 2, 3, and 4 being for a method patent, and claims 5, 6, 7, and 8 for a web-typing apparatus. These claims were successively rejected by the Examiner, the Board of Examiners in Chief, and the Commissioner of Patents, being brought before us by appeal from the decision of the latter, rendered December 21, 1927.

Claim No. 2 is typical of the four involved in the method application, and No. 6 is typical of the four apparatus claims.

"2. The method of producing an original writing and full and partial duplicates thereof at a single operation, which consists in attaching long and short carbon-sheets to the carbon-carrier of a continuous billing typewriting machine, with continuous work-webs interleaved therewith, locating the work-webs with the form-section in writing position with the carbons so arranged that both the long and short carbons cover the form-section at writing position with the long carbon protruding beyond the leading edge of said form-section, typing on said form-section the matter which is to appear on all the workplies, shifting the carbon-carrier to withdraw the short carbon from between the plies of said form-section to be further typed and to draw the protruding upper end of the long carbon into interleaved relation with the plies of said section, and typing on the form-section to manifold upon one ply thereof and not manifold upon the other ply."

"6. A web-typing equipment having a platen and a carbon-holder through which superposed plies of work-web are threaded, means for manifolding the entire typed matter upon one web-ply while only the upper portion of said typed matter is typed upon another web-ply, including a normal carbon sheet of shorter length also connected to said carbon-holder, said shorter length carbon-sheet extending to the top of the form to be typed and said normal sheet extending excessively beyond the top of said form preparatory to typing upon the tops of all the forms

136

the matter which is to appear upon all of the plies, means being provided to effect intermediately a relative stripping between the carbon-holder and the web-plies, bringing the shorter length carbon back entirely out of the printing field, and bringing the excess of the other carbon into the printing field, preparatory to typing the remainder of the form upon one of the work-plies without typing it upon another of the work-plies."

The reference cited in the rejection of these claims is a patent No. 1,132,055 to Wernery & Smith, granted March 16, 1915, upon a typewriting machine, and the Examiner also referred to a patent to Fortin, No. 1,237,-319, of August 21, 1917, as showing an adjustable stop found to be an anticipation of a stop appearing in connection with appellant's application, but the rejection really rested generally upon the ground that no invention had been shown.

What the method and equipment are intended to accomplish, and what they do accomplish, is the production in one operation of an original and a number of copies or *some full copies* and *some partial copies,* as may be desired, of bills and other documents. It is the method whereby only parts of what is written on the outside sheet as the original are copied, leaving blank other parts of the paper upon which the copy or copies may be made, which constitutes the basis of appellant's claims.

The process, when one observes the operation, an exhibition of which was given in the presence of the court by its permission, is quite simple, although it is somewhat difficult of written description. The end sought is obtained by having carbon sheets of different lengths inserted between the papers upon which the writing is to appear. These carbon sheets are attached to a continuous billing typewriting machine in such a way as to admit of their manipulation. The principle of this manipulation of the carbon sheets by the machine is practically the same as that involved when carbons of the same length are used and full copies made. It is a matter of spacing the carbon sheets in such a way as that only a part of the blank sheet upon which the original is written has carbon under it, or between it and the plain sheets upon which the copies are to be produced. That part of the copy sheet which has carbon over it will receive the impression of the typewriter letters, and the other part will not.

It is represented that frequently business concerns and others will wish to have matter upon the original only a part of which is desired upon the copy or copies. By the method of applicant this can be consummated in a way to save much time, and it is therefore a valuable convenience.

We agree with the tribunals of the Patent Office, however, that the method presents nothing new in the art of typewriting which is inventive in the sense of the patent laws, nor does the web equipment claimed present any principle or feature which we can distinguish as being new or not involved in the prior art. In the final analysis, the whole matter depends upon the correct spacing and manipulation of carbon sheets of different lengths, and this is largely a matter of judgment and skill on the part of the operator. Nothing new is claimed in the way of a mechanism, unless we could take seriously the contention of appellant's solicitor that the carbon sheets become in some way a part of the writing machine. This we cannot do, and, even if we could, carbon paper is rather too old in the typewriting art to hold that by using different length sheets, spaced upon a plan that any skilled operator may employ, makes it a patentable addition to a mechanism already patented. It is not invention to use an old machine for a new purpose. Roberts v. Ryer, 91 U. S. 151, 23 L. Ed. 267. See, also, In re McNeil and Sturtevant C. D. 1907, p. 478, 28 App. D. C. 461. Burt v. Ritchie (D. C.) 251 F. 909, 918, and cases cited therein, declare the rule that "the patentee cannot patent a combination of device and material upon which the device works."

To grant a patent or patents as sought herein would open the way for charges of infringement against operators of typewriting and continuous billing machines who have occasion to use carbonized sheets of different lengths in making copies of their writings, and might interfere with that freedom of use by an operator of patented machines which the law contemplates and admits.

In Potts & Co. v. Creager, 155 U. S. 597, 606, 15 S. Ct. 194, 198, 39 L. Ed. 275, the Supreme Court said:

"Doubtless, a patentee is entitled to every use of which his invention is susceptible, whether such use be known or unknown to him."

It is also the law that the purchaser of a patented article for his use is entitled to use it for any work which it will perform without being restricted to a specific method of use. The owner of a patented mowing machine, for instance, is not restricted to using it for cutting vegetation intended for hay; he may use it to cut weeds or other vegetation. The owner of a typewriting or continuous billing machine should certainly be entitled to use it

for writing upon any character of paper which the machine will take, including carbon sheets of whatever length the operator may find desirable, and arranged as the operator may wish to arrange them for making copies or partial copies as may be desired.

While a new device for holding, manipulating, and adjusting carbon paper interleaved with the sheets upon which copies are produced might present a patentable invention, nothing of that sort is here involved. The process involves simply the adaptation of the Wernery & Smith patent to achieve an old result—making copies by utilizing carbon paper.

We find no patentable invention in the claims presented. The decision of the Board of Appeals is affirmed.

Affirmed.